Copies to parties
and counsel

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CM0690-12 |
| vs. | |
| SAM KOSAM, | DECISION AND ORDER |
| Defendant. | |

This matter came before the HONORABLE VERNON P. PEREZ on March 4, 2013 for Defendant's Motion to Dismiss. Attorney Suresh Sampath represented the Defendant. Assistant Attorney General James Collins appeared on behalf of the Government. The Court took the motion under advisement. Having reviewed the pleadings and arguments presented, the Court now issues the following Decision and Order.

### BACKGROUND

Defendant is charged with driving while under the influence. Defendant moved to have the previous case dismissed due to a violation of the rule put forth in *Rasauo II*. The earlier case, CM0999-11, was dismissed without prejudice by the prior Court. The case was re-filed and Defendant now requests dismissal. The Court took argument on the motion and now addresses the Motion to Dismiss.

### DISCUSSION

Before addressing the standard used to evaluate dismissal with prejudice, the Court would like to point out that Defendant missed the opportunity to request the previous Court for reconsideration. As to that procedural failure alone, the Court would be comfortable denying dismissal in the current matter. Yet, the Court will continue to discuss the standard for dismissal with prejudice to allow for a complete decision and resolution of all issues.

## Standard for With Prejudice Dismissal

Dismissal in a criminal case shall be with prejudice when there is actual prejudice to the defendant and the defendant's ability to prepare a defense. The length of delay is the most essential factor for a trial court, but, there are other factors to consider. The United States Supreme Court stated "[t]he longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restriction on his liberty". *United States v. Taylor*, 487 U.S. 326, 340 (1988). Moreover, the United States Supreme Court has recognized that "[d]ismissal without prejudice is not a toothless sanction" because "it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." *Id.* at 342. Where the violations involve both constitutional and statutory violations of the defendant's speedy trial right there is a greater likelihood for with prejudice dismissal.

While courts acknowledge the deleterious impact that pre-trial detention may have on an individual, a defendant's prolonged pre-trial confinement, alone, is not enough to show that the interests of justice weigh in favor of dismissal with prejudice. *See Barker v. Wingo*, 407 U.S. 514, 537(1972). A court should also consider the seriousness of the offense as the more serious the offense, the more weight given to dismissal without prejudice. *United States v. Clymer*, 25 F.3d 824, 831 (9th Cir. 1994). The interests of the victim and interests of the public also play an important role in this evaluation. Under liberty concerns, the courts should consider effects on employment, financials, social association, anxiety of the defendant, anxiety of friends and family and public criticism. *Taylor*, 340. In combination with the overall length of delay, the Court should consider the fading memories of witnesses and deterioration of exculpatory evidence to establish actual prejudice. *Doggett v. United States*, 505 U.S. 647, 654 (1992).

The Court understands the above standard applies to a speedy trial right violation, the federal rules may differ from Guam statutes, and that Constitutional and statutory issues are separate concerns. Yet, the factors are helpful in the instant matter as the Guam Supreme Court, in *Rasauo II*, has deemed the speedy arraignment right akin to the speedy trial right and

granted the trial Court with the discretion to determine whether or not the prompt arraignment violation is dismissed with or without prejudice. *See People v. Rasauo*, 2011 Guam 14.

Defendant argues that the Guam Supreme Court, in *People v. Palomo*, 1998 Guam 12, requires dismissal with prejudice as it is the only possible remedy.[1] The Court concludes that dismissal without prejudice is entirely appropriate where the circumstances support such a finding whether or not the violation was statutory or constitutional.[2] Defendant fails to convince the Court that the only possible remedy is dismissal with prejudice as multiple United States Supreme Court decisions, cited above, discuss the ability for a court to apply the relevant factors and decide whether to dismiss a case with or without prejudice.[3] Furthermore, the Guam Supreme Court remanded the portion of the decision relevant to with or without prejudice back to the trial Court in *Rasauo II*, which is the very decision in which the original dismissal was based upon. The Guam Supreme Court left that part of the decision to the trial court. If the Guam Supreme Court wished that *Palomo* would apply and prevent dismissal without prejudice in *Rasauo II* dismissals, the Guam Supreme Court would not have given the trial court an opportunity to dismiss the case without prejudice. There can be no language clearer than this: "[t]he issue of whether or not the case should be dismissed with or without prejudice should be decided in the first instance by the trial court". *Rasauo II* at 5. Thus, the Guam Supreme Court clearly intended that a determination based on the facts of the case be made by the trial court and that dismissal could be with or without prejudice.

This Court will balance the factors provided to it by the United States Supreme Court to make a determination. Defendant has presented no support of any factor to show that actual

---

[1] The Court recognizes Defendant's argument that actual prejudice is not required for a with prejudice dismissal. The Court will only conclude that where actual prejudice is not an element for with prejudice dismissal, it is clearly the greatest factor in such a decision.

[2] The United States Supreme Court cases reviewed and cited by this Court discuss the factors relevant to a with prejudice dismissal. Thus, in situations where the factors weigh against dismissal with prejudice, the Court has complete authority to find that dismissal is without prejudice. *Taylor*, 334; *See United States v. Engstrom*, 7 F.3d 1423 (9th Cir. 1993).

[3] The dissenting opinion in *Taylor*, while not controlling here, describes the Court's view on Defendant's arguments very well:
This is the kind of case that reasonable judges may decide differently... But even on the remaining question whether the dismissal of two of the three counts pending against respondent should have been with or without prejudice, there is room for disagreement between conscientious and reasonable judges. The question, however, is one that district judges are in a much better position to answer wisely than are appellate judges. *Taylor* at 346.

prejudice occurred. There are no suggestions that witnesses are now unavailable or that exculpatory evidence is now missing or deteriorated. The Court should also consider the public interest factor and the impact on the alleged victim if dismissal occurs with prejudice. Defendant does face misdemeanor charges and the anxiety factors do not appear to weigh in Defendant's favor. As Defendant was not languishing in jail awaiting the initiation of this case, the liberty interests discussed in *Taylor* do not favor dismissal with prejudice. However, the crimes alleged against Defendant are not felony crimes, less serious than felonious acts, and this consideration does weigh in favor of dismissal with prejudice. Finally, with all considered above, the Court does not find any bad faith by the Government or the Court in causing the delay. While actual prejudice is not required to dismiss a case with prejudice when a violation of a statutory prompt arraignment right is violated, it must be the most important factor.

The Court considered the effect of the commonly used language "with or without prejudice". To dismiss a case with prejudice by definition means the matter already contains prejudice. When a with prejudice dismissal occurs, the defendant is prejudiced and the case must be dismissed as to not further prejudice the same defendant. The Court does not believe that when the Guam Supreme Court stated in *People v. Julian* that "constitution standards... have no application...," the Supreme Court desired to rule out an actual prejudice discussion. If the Court did decide that prejudice is irrelevant in a statutory prompt arraignment right violation discussion, again, the Court would not have left it up to the lower Court to decide whether dismissal should be with or without prejudice in the very *Rasauo* case that started this line of cases. While this is a newer legal frontier and most of the frontier is still left for interpretation, the prejudice concern is the one of the most major concerns for any dismissal by any criminal jurisdiction Court. It will take many future cases to clear up any doubt remaining on the prompt arraignment right and the issue of with prejudice dismissal.

According to the standard for with prejudice dismissal discussed above, the Court concludes that actual prejudice has not occurred. The Court finds that Defendant's delay to arraignment, while excessive, was not so excessive that actual prejudice occurred based on the facts present in this specific case. The Court does appreciate the length of delay to arraignment

Defendant faced, yet, the Defendant was not incarcerated at the time he awaited arraignment and no factor weighing in Defendant's favor is great enough to warrant dismissal with prejudice. Thus, the Court denies Defendant's Motion to Dismiss because of the failure to seek proper remedy to the prior dismissal in CM0999-11 and because the previous court appears to have made a decision in compliance with the proper rules.

**Statutory or Constitutional Right**

At hearing for this Motion, Defendant expressed issue with the classification of the prior dismissal as statutory or constitutional issue. Clearly, the Court understands that the *Rasauo II* decision was based on a statutorily provided right under 9 GCA § 80.60 and that any Constitutional issue is an entirely separate analysis. *Rasauo*, at ¶9. Yet, that does not mean that a constitutional speedy trial consideration is not present. The Sixth Amendment of the United States Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The Court believes that such a broad and powerful rule would also apply to the failure to promptly arraign a defendant, even in a misdemeanor case. For example, once a criminal complaint is filed and delay is created by the Government, it is quite possible that both a statutory and Constitutional violation occurred. On the other hand, the Defendant is correct in citing to the Guam Supreme Court and stating that the Constitution may never be implicated. *See Julian.* Yet, if ever a speedy issue arises in arraignment or at trial, it is important for a court to consider both statutory and Constitutional issues if the delay is great enough.

Due to the relative lack of case law on speedy arraignment issues, the Court believes the standard discussed above is very helpful in interpreting the Guam Supreme Court's rulings in *Rasauo*. Additionally, the U.S. Constitution will always trump any jurisdiction's conflicting statute, so, without a showing that Constitutional concerns are unnecessary, which is very possible as explained by the Guam Supreme Court in *Julian*, the Court should at minimum ask whether there is a Constitutional issue. In conclusion, the Court agrees with Defendant that this case involves a statutory expression of prompt arraignment. Still, the Court finds that the Guam Supreme Court intended that there is trial court discretion in determining whether or not

a case be dismissed with or without prejudice when a violation of the rule pronounced in *Rasauo* is found.

## CONCLUSION

The Court hereby DENIES Defendant's Motion to Dismiss. The Parties will return for a Criminal Trial Setting on April 8, 2013 at 10a.m..

So ORDERED this 26 day of March, 2013.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

MAR 2 6 2013

Leonard F. Ventura
Deputy Clerk, Superior Court og Guam

/ /

/ /

/ /

/ /

*People v. Kosam,*
Decision and Order
CM0690-12